IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LIANA WEBSTER,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>   )<br>KMSB ENTERPRISES LLC d/b/a   )<br>OPTIMUM PERSONNEL SERVICES,   )<br>   )<br>   Defendant.   )<br>_____   ) | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Liana Webster ("Plaintiff"), by and through undersigned counsel, and files this Complaint for damages again KMSB Enterprises LLC d/b/a Optimum Personnel Services ("Defendant") pursuant to the Americans with Disabilities Act ("ADA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

At all times relevant, Defendant has been engaged in business in the state of Georgia and this district. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Krista M. Smith, 5800 Beach Blvd., Suite 111, Jacksonville, Florida 32207.

# FACTUAL ALLEGATIONS

6.

Plaintiff timely filed charges of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charges from the EEOC, which the EEOC subsequently issued on March 12, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notices of Right to Sue".

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA

10.

Defendant is a staffing company. Defendant placed Plaintiff with Strength of Nature on or about December 14, 2020, as an assembly line worker.

11.

Plaintiff suffers from a disability. Specifically, she suffers from a disabling condition in her hands. Plaintiff's disability is visible.

12.

At all times relevant, Defendant had knowledge of Plaintiff's disability.

13.

On Plaintiff's first day of work, she informed two managers at Strength of Nature of her disability. The managers asked Plaintiff whether she could perform repetitive work with her hands, and Plaintiff confirmed that she could do so.

14.

Plaintiff was able to complete her tasks without any limitations during her employment with Strength of Nature.

15.

On or around December 17, 2020, Plaintiff met with Ms. Cottingham in person retrieve her pay card.

16.

When Ms. Cottingham saw Plaintiff's hands, she commented that she had never noticed Plaintiff's disability before and asked her whether it affected her work.

17.

Plaintiff explained what her disability entailed and told Ms. Cottingham that her disability did not affect her work

18.

Nonetheless, Ms. Cottingham terminated Plaintiff's employment, stating that she would look for another position for Plaintiff because the current position was not a good fit.

19.

At all times relevant, Plaintiff has suffered from a disability, within the meaning of the ADA. Additionally, Defendant "regarded" Plaintiff as disabled.

20.

Defendant terminated Plaintiff's employment because of her disability or perceived disability. Any reason given by Defendant for terminating Plaintiff's employment is pretext for unlawful discrimination in violation of the ADA.

21.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant, including lost wages and emotional distress.

## CLAIM FOR RELIEF

## COUNT I:
## DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

22.

Plaintiff repeats and re-alleges paragraphs 6-21 as if set forth fully herein.

23.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

24.

At all times relevant to this action, Plaintif was a "qualified individual" as that term is defined by the ADA.

25.

At all times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

26.

At all times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

27.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

28.

At all times relevant, Plaintiff could perform the essential functions of her positions.

29.

Plaintiff's disability was a determinative factor in Defendant's decision to terminate Plaintiff.

30.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disability, thus violating Plaintiff's rights under the ADA, entitling her to all appropriate relief thereunder.

31.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

32.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted, this 30th day of April, 2021.

**BARRETT & FARAHANY**

s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com